UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>SUSAN SKIPP,<br>    Debtor.<br>───────────────────────<br>SUSAN SKIPP,<br>    Appellant,<br><br>v.<br><br>MARY BRIGHAM,<br>    Appellee. | No. 3:15-cv-01221 (MPS) |

## MEMORANDUM AND ORDER

On August 12, 2015, *pro se* Appellant Susan Skipp filed this appeal from the Bankruptcy Court's decision and order on Appellee Mary Piscatelli Brigham's Second Amended Motion for Summary Judgment. (ECF No. 1.) The Bankruptcy Court held that Ms. Skipp's debt to Ms. Brigham for guardian ad litem ("GAL") fees was not dischargeable in bankruptcy, based on a determination that principles of collateral estoppel bound it to an earlier state court decision on the issue. Because I disagree that the requirements of collateral estoppel have been satisfied here, the appeal is granted, and the case remanded for further proceedings.[1]

**I.   STANDARD**

"The Court reviews the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error." *Rockstone Capital LLC v. Metal*, 508 B.R. 552, 558 (E.D.N.Y. 2014) (citing *Denton v. Hyman (In re Hyman),* 502 F.3d 61, 65 (2d Cir. 2007)). "The application of

---

[1] Ms. Skipp's motion for leave to file a late brief (ECF No. 16) is denied as moot. I did not need to consider her brief (ECF No. 17) in reaching this decision.

1

collateral estoppel to a given case is a question of law that [the court] review[s] de novo." *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F.3d 263, 284 (2d Cir. 2012).

## II.     BACKGROUND

In September 2010, the Connecticut Superior Court appointed Ms. Brigham as a guardian ad litem ("GAL") for Ms. Skipp's two minor children in connection with Ms. Skipp's divorce and child custody proceedings. (ECF No. 10-1 at 17.) Ms. Skipp's marriage was dissolved on March 28, 2011, with an order of joint legal custody of the two children, and primary residence with Ms. Skipp. (*Id.* at 3.) Post-judgment, the court ordered that the GAL continue to be paid by Ms. Skipp and the father, one half each. (*Id.* at 22.) Ms. Skipp moved for the appointment of an attorney for the children, then 9 and 12 years old, but the court found "'[t]hese children are intelligent for their ages, but there is no credible evidence that… they are of sufficient age and maturity to know what is in their best interests.'" (*Id.* at 11.)

The father moved to modify the original custody order and, in accordance with the GAL's recommendation, the court awarded him sole legal and physical custody of the two children on October 16, 2012, with Ms. Skipp allowed only supervised visits. (*Id.* at 3, 17, 23-26.) The court held that "joint legal custody is not in the children's best interest. These parents cannot communicate well together. The mother has no respect for the father, and creates every opportunity she can, most often when not proper, to claim that he is an unsafe person for the children." (*Id.* at 20.) The court also found that Ms. Skipp owed $38,230.30 to Ms. Brigham and that the GAL's rate of $300 per hour was "fair and reasonable." (*Id.* at 22.) The court admonished Ms. Skipp for not fully complying with its earlier order to liquidate her teachers' retirement to pay the GAL fees. (*Id.* at 23.)

On February 28, 2013, Ms. Skipp filed for bankruptcy, and sought to discharge the GAL

fees. (ECF No. 1-1 at 2.) On August 29, 2013, the bankruptcy court stayed its decision "pending a final determination by the Connecticut state court of the Fee Appeal." (ECF No. 10-1 at 33.) It appears that the "fee appeal" refers to Ms. Skipp's appeal of the Superior Court's October 16, 2012 order, which, as noted, had required Ms. Skipp to pay $38,230.30 in fees to the GAL. (In that appeal, the Connecticut Appellate Court ultimately affirmed the Superior Court's order. *Tittle v. Skipp-Tittle*, 150 Conn. App. 64 (2014).)

In the meantime, on October 8, 2013, the Superior Court issued a new order on three pending post-judgment motions, including a motion for contempt by Ms. Brigham. (ECF No. 10-1 at 56.) In its discussion of the contempt motion, the court explained that Ms. Brigham "requested a finding from the court on the characterization of the fees" and "decided not to proceed with her contempt motion at this time." (*Id.* at 57-58.) The court provided Ms. Brigham the opportunity to re-file a contempt motion "if she was successful in both the Connecticut Appellate Court and the United States Bankruptcy Court, meaning that her fees were not discharged." (*Id.* at 58.) In addition, apparently as part of the contempt motion,[2] with which Ms. Brigham had "decided not to proceed… at this time," the court stated as follows: "[a]fter reviewing the file and listening to the parties, the court makes a finding that the fees awarded to the guardian ad litem are in the nature of child support and not dischargeable in bankruptcy." (*Id.* at 57-58.)  Ms. Skipp appealed the entire ruling to the Connecticut Appellate Court. (*Id.* at 59.) That court issued the following order on April 16, 2014:

> After a hearing as to why the portion of this appeal challenging the trial court's finding that the fees awarded to the guardian ad litem are in the nature of child support should not be dismissed for lack of a final judgment as the motion for contempt for non-payment of

---

[2] It is unclear whether the Superior Court thought this "characterization" was part of the contempt motion. After describing Ms. Brigham's motion for contempt, the court went on to note, "[i]n addition, she requested a finding from the court on the characterization of the fees." (ECF No. 10-1 at 57.)

> the fees of the guardian ad litem was not decided, see *State v. Curcio*, 191 Conn. 27, 31 (1983), it is hereby ordered that the portion of the appeal challenging the trial court's finding that the fees awarded to the guardian ad litem are in the nature of child support is dismissed.

(*Id*. at 60.) As to the remainder of Ms. Skipp's appeal of the Superior Court's October 8, 2013 order, principally regarding alimony issues, the Appellate Court affirmed on December 1, 2015. *Tittle v. Skipp-Tittle*, 161 Conn. App. 542 (2015).[3]

On April 24, 2015, the Bankruptcy Court resumed its proceedings and granted Ms. Brigham's motion for summary judgment. (ECF No. 1-1.) The Bankruptcy Court held that the Connecticut Superior Court's October 8, 2013 ruling had preclusive effect and that principles of collateral estoppel barred Ms. Skipp from relitigating the issue of whether her debt to Ms. Brigham was dischargeable. (*Id*.) Ms. Skipp appeals from this decision. Ms. Skipp's Notice of Appeal also included a motion for appointment of counsel, which the Court denied without prejudice on August 19, 2015 (ECF No. 3) and which was re-filed on November 10, 2015. (ECF No. 8.)[4]

## III.   DISCUSSION

Many of the claims raised by Ms. Skipp are outside the scope of the Bankruptcy Court

---

[3] Ms. Skipp has also been involved in other related litigation in state and federal court. She filed a separate state court complaint against Ms. Brigham (*Skipp et al. v. Brigham et al.*, LLI-CV16-5008059-S), two federal habeas corpus cases—both dismissed (*Skipp et al. v. Connecticut et al.*, No. 13:16-cv-01194-MPS, *Skipp et al. v. State of Connecticut et al.,* 13:16-cv-00092-JAM), and a federal lawsuit against 30 defendants claiming mistreatment in connection with the custody proceedings—also dismissed (*Skipp v. Connecticut Judicial Branch*, No. 3:14-CV-00141 JAM, 2015 WL 1401989, at *1 (D. Conn. Mar. 26, 2015)).

[4] Despite the Court's Order to Show Cause (ECF No. 6.), Ms. Skipp never filed a designation of the items to be included in the record on appeal in accordance with Fed. R. Bankr. P. 8009(a)(1)(A). The Court is not obligated to correct Ms. Skipp's failure to provide a sufficient record; however, given that Ms. Skipp is *pro se,* I have accepted Defendant's designation of items to be included in the record on appeal. (ECF Nos. 12, 14.)

record and this appeal. This Court's authority is limited to determining whether the Bankruptcy Court erred in giving collateral estoppel effect to the Connecticut Superior Court's finding that Ms. Skipp's debt for guardian ad litem fees was not dischargeable in bankruptcy. This appeal is not a forum to re-litigate Ms. Skipp's divorce case or to bring tort or contract claims against Ms. Brigham.

"Although it is true that what constitutes alimony, maintenance or support will be determined under the bankruptcy laws, not State law…collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *In re Edwards*, 162 B.R. 83, 85 (D. Conn. 1993) (citing *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991); *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir. 1987)). To determine the preclusive effect of a Connecticut Superior Court judgment, Connecticut state law regarding collateral estoppel applies. *See Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514 (D. Conn. 2009) ("When determining the preclusive effect of a state court judgment, a court must apply the preclusion law of the rendering state.") (citing *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996)).

Under Connecticut law, "[c]ollateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 58 (2002) (internal citations and quotation marks omitted). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." *Aetna Cas. & Sur. Co. v. Jones*, 220 Conn. 285, 296 (1991) (internal citations and quotations marks omitted).  The Bankruptcy Court held, and I agree, that the issue before it was the same considered by the Connecticut Superior Court – whether the GAL debt is dischargeable

in bankruptcy. The parties have also given me no reason to disagree with the court's finding that the there was a "full and fair opportunity" to litigate the question in state court.

However, the Bankruptcy Court erred in finding that the Superior Court's October 8, 2013 decision was "final" for collateral estoppel purposes and failed to consider whether it was "necessary to the judgment." With regard to finality, it is clear from the Appellate Court's dismissal of Ms. Skipp's appeal of the dischargeability finding that that finding was not a final judgment. A judgment is considered final "if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court…." *CFM of Connecticut, Inc. v. Chowdhury*, 239 Conn. 375, 398-99 (1996), overruled in part on other grounds, *State v. Salmon*, 250 Conn. 147, 155 (1999) (internal citations and quotation marks omitted); *see also Cadle Co. v. Drubner*, 303 F. Supp. 2d 143, 147 (D. Conn. 2004) (same). A pending appeal does not preclude application of collateral estoppel (*Carnemolla v. Walsh*, 75 Conn. App. 319, 327–28 (2003)), and "the standards for finality regarding appellate review and res judicata are not necessarily congruent." *State v. Aillon*, 189 Conn. 416, 425 (1983). But the Connecticut Supreme Court has held that "the traditional standard of finality for purposes of appeal will generally also provide the standard of finality for purposes of preclusion." *CFM*, 239 Conn. at 398; *see also id.* at 399-400 ("Like the standards for finality in the realm of res judicata,[5] the *Curcio* standard precludes any provisional, tentative or conditional adjudication, and it focuses on the completion of all steps necessary for the adjudication of the claim, short of execution or enforcement. We can see no principled reason in this case to differentiate between

---

[5] In this case, the Connecticut Supreme Court used res judicata "generically to refer to the general concept of former adjudication," even while recognizing that "the term 'res judicata' also has a more specific meaning, which differentiates it from 'issue preclusion,' and… under some circumstances the rules applicable to one differ somewhat from the rules applicable to the other." *CFM*, 239 Conn. at 396-97.

the standard for finality for purposes of appeal and the standard for finality for purposes of res judicata."). And "we will not apply collateral estoppel, where it would otherwise be applicable, if the party who was unsuccessful in the initial action is barred, as a matter of law, from obtaining appellate review of the initial action." *Commissioner of Motor Vehicles v. DeMilo & Co.*, 233 Conn. 254, 268 (1995). *See also State v. Charlotte Hungerford Hosp.*, 308 Conn. 140, 146 (2013) ("A party must receive one opportunity for appellate review before it will be subject to the application of collateral estoppel."). Because the Superior Court's dischargeability finding was not a final judgment and because Ms. Skipp has had no opportunity for appellate review of the merits of that finding, the Bankruptcy Court erred in according that finding preclusive effect.

With regard to necessity, the Bankruptcy Court did not address whether the Superior Court's finding regarding dischargeability was "necessary to the judgment," but the record makes clear that it was not. "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered.... Findings on nonessential issues usually have the characteristics of dicta." *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 686 (2004) (internal citations and quotation marks omitted). First, as noted above, there was no "judgment" in the sense of a final, appealable determination. Second, although the Superior Court addressed the dischargeability issue apparently because it was asked to do so by Ms. Brigham, there is nothing in the record suggesting that it was required to do so—and thus that the "finding" was "necessary" to any ultimate legal determination. No such finding was necessary to resolve the motion for contempt, which Ms. Brigham had elected not to press at that time. And to the extent the finding was made for some reason other than to adjudicate the motion for contempt, that reason is not apparent. There is no indication, for example, that the Superior Court viewed its finding as a declaratory judgment, which though available in

Connecticut courts, demands a showing of compliance with procedural requirements that Ms. Brigham has not made on this record. *See, e.g.* Conn. Prac. Book § 17-56(b) (requiring certificate that all interested persons have been joined or given notice). In short, there is nothing in the record to suggest that the Superior Court's finding on dischargeability satisfies the "necessity" requirement of the collateral estoppel doctrine.

Because I find that collateral estoppel does not apply, this case is remanded for independent consideration of whether Ms. Skipp's debt to Ms. Brigham for GAL fees is non-dischargeable as a domestic support obligation under 11 U.S.C. §§ 523(a), 101(14A). Whether the payment is dischargeable as a domestic support obligation is a question of fact for the Bankruptcy Court. *See In re Maddigan*, 312 F.3d 589, 595 (2d Cir. 2002) ("the question whether a debt meets the statutory requirement for being in the nature of support is a factual determination of the bankruptcy court"). *See also Bieluch v. Cook*, 216 F.3d 1071 at *2 (unpublished summ. order) (2d Cir. 2000) (noting that "an obligation's status as… support exempted from discharge… is a question of federal bankruptcy law" and "a bankruptcy court must make its own factual findings regarding the nature of a debt to a former spouse, but in doing so may consider the state court's characterization of the payment" in the earlier divorce proceedings).

## IV.    CONCLUSION

The Bankruptcy Court's decision is therefore VACATED and REMANDED. Ms. Skipp's second motion to appoint counsel (ECF No. 8) and motion for leave to file a late brief (ECF No. 16) are DENIED as moot. The Clerk is directed to close this case.

SO ORDERED this 13th day of September, 2016, at Hartford, Connecticut.

                                         /s/
                                    Michael P. Shea
                                    United States District Judge